IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAL LAB INSTRUMENTS SERVICES, INC., el al,<br><br>        Plaintiff,<br><br>        v.<br><br>CAGUAS MECHANICAL CONTRACTOR, INC., el at,<br><br>        Defendants. | CIVIL NO. 10-1369 (ADC/CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Cal Lab Instruments Services, Inc., (hereafter "plaintiff Cal Lab") filed a voluntary petition for relief under Chapter 11 with the Bankruptcy Court. Thereafter, debtor Cal Lab and non-debtor Mr. Leonardo Pizarro (sole shareholder and president) filed a non-core adversary proceeding with the Bankruptcy Court against defendants, including herein Caguas Mechanical Contractor, Inc. (hereafter "defendant Caguas Mechanical") for payment of certain amounts due for construction projects which had originated pre-bankruptcy and were predicated on state law.

Thereafter, the Bankruptcy Court recommended to the District Court the withdrawal of the aforementioned non-core adversary proceeding on May 3, 2010, certifying accordingly the action of debtor Cal Lab and non-debtor Pizarro was a non-core proceeding.[1] The petition for voluntary dismissal of the Chapter 11 proceeding of Cal Lab

---

[1] In a non-core proceeding, the Bankruptcy Court is not empowered to enter final, appealable orders without the parties' consent; instead, after it has conducted the required proceedings, it must submit its proposed findings of fact and conclusions of law for consideration by the District Court. *See* New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 68 (1st Cir.2002); 1 *Collier on Bankruptcy* ¶ 3.01 (A. Resnick & H. Sommer, eds., 16th ed.2010).

Cal Lab Instrument Servs., Inc., v. Caguas Mechanical Contractor, Inc.
Civil No. 10-1369 (ADC-CVR)
Opinion and Order
Page No. 2

was granted and dismissal of the bankruptcy case ensued on June 9, 2010, thus closing any and all contested matters in the adversary proceedings which had been pending.

Pending before this District Court is the instant action filed in regards with the non-core adversary proceedings of Cal lab against defendant Caguas Mechanical Contractor which had been transmitted in May 2010.

On August 6, 2010, defendant Caguas Medical filed a "Motion to Dismiss" under Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction having the adversary proceedings of the related bankruptcy already been dismissed, insofar as the non-core proceedings which were filed before this District Court. (Docket No. 13). On September 10, 2010, plaintiff Cal Lab filed its response. (Docket No. 17). On September 24, 2010, a reply was filed. (Docket No. 18).

On January 19, 2011, a Settlement Conference was held before the undersigned and the parties informed their intent to consent to having the pending "Motion to Dismiss" be resolved by this Magistrate Judge. (Docket No. 20). The parties then filed an "Informative Motion" to the presiding judge, Hon. Aida M. Delgado-Colón, informing they had jointly consented to referral of the pending "Motion to Dismiss" for disposition. (Docket No. 21). The Court granted the request for which this Opinion and Order follows. (Docket No. 22).

**MOTION TO DISMISS STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for

summary judgment.² Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).³

The Supreme Court's most recent opinion changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). The First Circuit has already cited to this decision and has already noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d at 94-95, copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession for 50 years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

---

² Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

³ No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

Cal Lab Instrument Servs., Inc., v. Caguas Mechanical Contractor, Inc.
Civil No. 10-1369 (ADC-CVR)
Opinion and Order
Page No. 4

Still, to elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." <u>Romero-Barceló v. Hernández-Agosto</u>, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. <u>Abbott, III v. United States</u>, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1216 (1st Cir. 1996)).

A motion to dismiss based for the most part for failure to state a claim for which relief can be granted, as the one filed herein by defendant Caguas Mechanical, requires that all the allegations of the complaint be deemed as true. Fed.R.Civ.P. 12(b)(6).

**LEGAL DISCUSSION**

Defendant Caguas Mechanical has submitted dismissal is appropriate in this case because, as a result of the dismissal of the bankruptcy case, the relief requested by plaintiffs is a state law claim. In addition, in the absence of diversity between the parties, this Court lacks subject matter jurisdiction. Title 28, <u>United States Code</u>, Sections 1331, 1332(a)(1), and 1334.

Plaintiff Cal Lab's response in opposition admitted that the adversary proceeding which was filed within the bankruptcy case between the herein parties was a non-core related action. However, plaintiff avers the court has the discretion whether the adversary proceeding should continue with this court. Cal Lab also argues it should be considered that, if the case is herein dismissed, as requested by defendant, it will need to initiate its

claim against defendant in state court and once more spend monies in paying filing fees and processing summons.

To retain jurisdiction over an adversary proceeding after the dismissal of a case, the factors to be considered are judicial economy, fairness, and convenience to the parties, and the degree of difficulty of state law issues involved. In re Stardust Inn, Inc., 70 B.R. 888 (Bankruptcy E.D. Pa. 1987); Howard v. Lexington Investments, Inc., 284 F.3d 320, 324 (1st Cir. 2002).

Although plaintiff Cal Lab refers in opposition to dismissal of this federal action to a delay in discovery at state level which may initiate in the year 2011, there is no record to show the discovery in this case has been concluded or that it is at an advanced stage. On the contrary, the parties jointly informed at the Settlement Conference before the undersigned that discovery proceedings had not ensued due to the pending dispositive motion. (Docket No. 20). In fact, the only pleading at this juncture before this federal court is the pending "Motion to Dismiss." Therefore, the time and effort exercised by the parties at this stage is almost nil. Different criteria may have applied had discovery been extensive and/or concluded, or when and if a trial had been conducted on contested issues for which declining to exercise discretionary jurisdiction would serve no useful or practical purpose. *See* In re Porges, 44 F.3d 159 (2d Cir. 1995).

As defendant Caguas Mechanical further discusses in its opposition, as a general rule, the dismissal of a bankruptcy case should result in the dismissal of all remaining adversary proceedings. Title 28, United States Court Annotated, Section 157(c)(1). Although it is not mandated, Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. A federal

court may in its discretion retain jurisdiction over state pendent claims subsequent to the dismissal of a federal claim. Still, a district court does not overstep Article III limits when it declines jurisdiction of state-law claims on discretionary grounds. *See* In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 66 n. 1 (1st Cir. 2002); *see also* Fed.Pr.F. §9:333, *Subject-matter jurisdiction of district court–Proceedings related to cases under Title 11* (2010).

The present claim, being initiated as a non-core adversary proceeding in the bankruptcy case, has no other independent ground for federal jurisdiction. The herein parties have no diversity and the issues raised are grounded in state law on non-complicated claims for monies owed on and resulting damages claimed. Plaintiff, having the burden to establish the jurisdictional issue, has not established same and has also acknowledged that the decision of this Court to retain jurisdiction is discretionary. Plaintiff Cal Lab and defendant Caguas Mechanical have state law claims predicated on pending balances in construction projects and related claims for loss of income and pain and suffering.

Finally, we note opposing plaintiff Cal Lab has failed to establish prejudice which may result if the pending proceeding is dismissed.

## CONCLUSION

Considering the above discussed as to lack of federal subject matter jurisdiction, as well as the criteria as to judicial economy, fairness, and convenience to the parties, and the degree of difficulty of state law issues involved, under the discretionary authority to entertain this action, this Magistrate Judge **GRANTS** the "Motion to Dismiss." (Docket No. 13). Accordingly, judgment is to be entered dismissing this case.

Cal Lab Instrument Servs., Inc., v. Caguas Mechanical Contractor, Inc.
Civil No. 10-1369 (ADC-CVR)
Opinion and Order
Page No. 7

    IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of January of 2011.

                                        s/**CAMILLE L. VÉLEZ-RIVE**
                                        **CAMILLE L. VÉLEZ-RIVE**
                                        **UNITED STATES MAGISTRATE JUDGE**